**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No.: 4:13-CR-00077 HEA-DDN** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JACOB OLSON,** | ) | |
| | ) | |
| **Defendant,** | ) | |

**REQUEST OF DEFENDANT JACOB OLSON FOR DISCOVERY AND**
**INSPECTION AND FOR PRODUCTION OF FAVORABLE EVIDENCE**

Comes now the above named Defendant by counsel Mark R. Bahn and moves the Court, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, for an Order requiring the Attorney for the Government to produce and/or to permit Defendant to inspect and copy or photograph, at a time and place set by the Court before trial of this cause, all books, papers, records, documents reports and objects listed herein:

1.      All written or recorded statements or confessions made by Defendant, or copies thereof; results and reports of physical or mental examinations and of scientific tests or experiments made in connection with this cause and the type of examinations or tests or copies thereof; and, recorded testimony before a Grand Jury of this Defendant, co-defendants, unindicted co-conspirators, employees, partners, associates, agents or employees of this Defendant, or copies thereof, within the possession, custody or control of the Government, the existence of

which is known or by the exercise of due diligence, may become known to the Attorney for the Government.

2.      All photographs, films, books, papers, documents, tangible objects, building or places, or copies or portions thereof, which are within the possession, custody or control of this Government, which were obtained by the Government in its investigation of this case or were presented to the Grand Jury.

3.      Interview reports, memoranda and notes thereof in the possession of the Government of interviews of persons, made by agents of the Government or of any State, which persons are or may not be subject to legal process issued by this Court.

4.      Any electronic recordings or videotapes of the voice or person of this Defendant, co-defendants, unindicted co-conspirators, employees, partners, associates, agents or employees of this Defendant or his counsel, which were made as a result of investigations conducted by any agency of any Governmental unit or received by any Governmental unit from private sources; any electronic recordings or videotapes of voices or of any person or persons who were the subject of electronic eavesdropping and overheard during the course of any investigation resulting in or contributing to the indictment in this case; any electronic surveillances of any kind pertaining to any Defendant, co-defendants, unindicted co-conspirators, employees, partners, associates, agents or employees of this Defendant or his counsel directly or indirectly; any reports of the foregoing surveillances, if any; all leads obtained from such electronic recordings and surveillances and reports thereof which have been in any manner or means used in obtaining the instant indictment regardless of the alleged legality of said surveillances.

5.     Any and all evidence of any nature whatsoever, the names of any witnesses and their addresses, the statement of any potential witnesses within the Government's possession, custody or control, the existence of which would tend to exculpate Defendant of any charges in the indictment.

6.     All memoranda, transcripts, drafts of transcripts, recordings, documents, logs or other records pertaining to any surveillance, electronic or otherwise, including electronic wiretaps, videotapes, phone "taps", pen registers and mail covers used in gathering information concerning this Defendant, co-defendants, and unindicted co-conspirators, and all leads obtained therefrom and the fruit thereof.

7.     The application by the Attorney General or the Assistant Attorney General of the United States or any other person, for the order authorizing or approving the interception of communications of the Defendant named herein or others not so named but from which a voice purporting to be that of the Defendant was intercepted and/or recorded.

8.     Reports, if any, concerning intercepted wire or oral communications made by the issuing Federal Judge to the administrative office of the United States Courts in compliance with Title 18, U.S.C., Sec. 2519 (1) (c), (d), (e), (f) and (g), and the reports, if any, by the Attorney General or the Assistant Attorney General properly and specially designated by the Attorney General to the administrative office of the United States Courts in compliance with Title 18 U.S.C.; Section 2519 (2) (a) and to the authorizing Court.

9.     The name and model of the machine(s) used in the videotaping or interception of wire or oral communications of the Defendant and the times and places such machine(s) were (was) used.

10.     Any teletypes, memoranda or other communication sent by the St. Louis office of the United States Attorney, Department of Justice or other offices of such department, and/or the office of the Federal Bureau of Investigation and the Drug Enforcement Administration to other offices of the bureau, containing information obtained by the use of wire or oral communication interception and/or the substance of the conversations overheard by the use of the said interception.

11.     The names and addresses of experts which the Government intends to use at the trial of this cause, either during their case in chief or during any case in rebuttal and copies of the experts' reports.

12.     All copies of investigative reports prepared by the Metropolitan Police Department of the City of St. Louis, Department of Justice, Federal Bureau of Investigation and Drug Enforcement Administration, the State of Missouri or any other State, the existence of which is known or through reasonable diligence may become known to the Attorney for the Government, if such report contains a summary of witnesses' statements which is substantially what the witness will testify to on direct examination at trial.  Included in this request is all applications, affidavits and orders connected with any search warrants connected with evidence allegedly recovered from the Defendant in this case.

13.     Any statements, as that term is defined in Title 18,

U.S.C. Section 3500 (e) (1) and (2), of all persons who have been interviewed in connection with the subject matter of this case, and whom the Government:

    (a)    Called as a witness before the Grand Jury, and

    (b)    Does not intend to call as a witness at trial or

    (c)    Whom the government may call in connection with any hearings pursuant to Title18 § 3501, 3502.

14.    The criminal records or any list or summary reflecting the criminal record of the Defendant.

15.    All evidence seized from Defendant, the fact of which is known or through reasonable diligence should be known by the Attorney for the Government.

16.    Motion picture films, videotapes or photographic stills of the Defendant, or material seized from the Defendant, taken by the U.S. Government, State of Missouri, any political subdivision thereof, or any other State, the fact of which is known or through reasonable diligence should be known to the Attorney for the Government.

17.    Any memoranda or documents, or statements of any kind used by the Government's counsel or any agent or employee of the Government during the investigation of this cause, and exhibited or divulged to persons other than the Government counsel or agents.

18.    All those matters of evidence called for by any of the applicable preceding paragraphs insofar as such evidence bears in any degree upon the character, reputation, mental and physical disorders, defects and abnormalities, intelligence and ability to

understand and comprehend the English language, of the Defendant or of any person whom the Government intends to call at trial, including any co-conspirators, indicted or otherwise.

19.     All grand jury transcripts and minutes written or recorded and the substance of any oral statements of codefendants and other witnesses who testified before the Grand Jury and whose statements or testimony was exculpatory as to these defendants, including the statements and testimony of persons who were present at the times and places referred to in the indictment but who stated that they did not see these defendants or any co-defendant commit those acts alleged in the indictment.

20.     Any and all information relating to agreements or promises, expressed or implied, made to witnesses whom the Government intends to call, in exchange for or as a result of cooperation with the Government, including, but not limited to any understanding regarding leniency on behalf of the Government, recommendations or representations by the Government to the Court, payments of money or other consideration by the Government (except for usual witnesses' fees), promises of protection or other favorable treatment by the Government.

21.     The names, criminal records, and prior use by the Government of any informant who provided information which the Government relied upon as probable cause for the arrest of any defendant or the search and seizure of any evidence intended to be used at trial, and any promises, agreements, or payments made by the Government to said informants in exchange for information or services in connection with the investigation leading to the instant indictment.

22.     Any other evidence now in the possession of the United States Government or agents of the United States Government which could be considered favorable to this Defendant or which is covered by Rule 16—Discovery and Inspection.

23.     A copy of any written summary of any testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case in chief at trial.

<u>SUPPORTING AUTHORITY</u>

In support of the foregoing Motion this Defendant respectfully invites the Court's attention to the following:

Rule 16 (a) (1) (A), (B), (D), (E), (F), (G), (3) R.Cr.P

*Respectfully submitted,*

McAVOY AND BAHN, L.C.

BY: /s/ Mark R. Bahn
Mark R. Bahn, Esq. USDC 25791MO
330 Water Street
Fenton, MO 63026
(636) 343-9753 Phone
(636) 343-8669 Fax
markrbahn@aol.com
*Attorney for Defendant*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that the foregoing ***Request of Defendant Jacob Olson for Discovery and Inspection and for Production of Favorable Evidence*** was served this 6th day of March, 2013, electronically filing with the clerk of the court by using CM/ECF system, which sent notification of such filing to the following parties:

RICHARD G. CALLAHN
United States Attorney
TRACY L. BERRY
Assistant United States Attorney
111 s. Tenth Street, Room 20.333
St. Louis, MO 63102


/s/ Mark R. Bahn
**Attorney for Defendant**